USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/2022

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTRUIS GROUP, LLC,<br><br>        Plaintiff,<br><br>-vs-<br><br>PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC., NEW YORK MARINE AND GENERAL INSURANCE COMPANY and GOTHAM INSURANCE COMPANY,<br><br>        Defendants. | Civil Action No.: 1:21-cv-10757-MKV<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any Discovery Material that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. Discovery Material means information of any kind provided in the course of discovery in this action. Confidential Discovery Material means any

00099867.1

Discovery Material, or any portion of portion of any Discovery Material, bearing the designation "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order.

2. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets or competitively sensitive technical, marketing, financial, investment, sales, or other confidential business information; or (b) that contains private or confidential personal information; or (c) that contains information received in confidence from third parties; or (d) that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall clearly mark the same as "CONFIDENTIAL" (hereinafter "Confidential").

3. Any party to this litigation and any third party shall have the right to designate as "Confidential – Attorneys' Eyes Only" and subject to this Order any "Confidential" material that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Confidential – Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "Confidential – Attorneys' Eyes Only").

4. Confidential material and the contents of Confidential material may be disclosed only to

the following individuals under the following conditions:

    a.    Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b.    Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c.    Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

    d.    The Court and court personnel;

    e.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    f.    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    g.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters; litigation support personnel; jury consultants; individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff; stenographic and clerical employees whose duties and responsibilities require access to such materials; and

      h.      The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

7. Material produced and marked as Confidential – Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. Any party who objects to any Confidential or Confidential – Attorneys' Eyes Only designation of confidentiality, or who requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Confidential – Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

10. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Order.

11. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the

producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

12. No information that is in the public domain or that is already known by the receiving party through proper means or that is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

13. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

14. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

15. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a party requests the return of Confidential material from the Court after

the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

Dated: Morristown, NJ
       June 15, 2022

*[signature: Anthony M. Tessitore]*

_____
Anthony M. Tessitore
Timothy M. Jabbour
TRESSLER LLP
163 Madison Avenue, Suite 404
Morristown, New Jersey 07960
(973) 848-2901
atessitore@tresslerllp.com
tjabbour@tresslerllp.com
Attorneys for Plaintiff

Dated: New York, NY
       June 15, 2022

 /S/ Aaron Loterstein
_____
Steven M. Lucks
S. Aaron Loterstein
FISHKIN LUCKS LLP
500 7th Ave, 8th Floor
New York, New York 10018
(646) 755-9200
slucks@fishkinlucks.com
aloterstein@fishkinlucks.com
Attorneys for Defendants

SO ORDERED:

*[signature: Mary Kay Vyskocil]*
_____

Dated:   June 16, 2022

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALTRUIS GROUP, LLC,<br><br>     Plaintiff,<br>-vs-<br><br>PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC., NEW YORK MARINE AND GENERAL INSURANCE COMPANY and GOTHAM INSURANCE COMPANY,<br><br>     Defendants. | Civil Action No.: 1:21-cv-10757-MKV<br><br>AGREEMENT TO BE<br>BOUND BY PROTECTIVE ORDER |

  I, _____, acknowledge that I have read and understand the Stipulated Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Confidential – Attorneys' Eyes Only." I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Protective Order could subject me to punishment for contempt of Court.

Dated: _____            _____
                           (Signature)

00099867.1