# FISHKIN LUCKS

500 7th Avenue, 8th Floor
New York, NY 10018
(646) 755-9200
www.fishkinlucks.com

Aaron Loterstein
aloterstein@fishkinlucks.com

December 23, 2022

**Via ECF**
Honorable Mary Kay Vyskocil, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__12/29/2022__
```

      Re:    <u>Altruis Group, LLC v. ProSight Specialty Management Co., Inc. et al.,</u>
              1:21-cv-10757

Dear Judge Vyskocil:

We represent defendants ProSight Specialty Management Company, Inc. dba Coaction Specialty Management Company, Inc., New York Marine and General Insurance Company, and Gotham Insurance Company (collectively, "Defendants") in connection with discovery in this matter. In accordance with Rule 3(D) of Your Honor's Individual Rules of Practice, we submit this joint letter, on behalf of Defendants and plaintiff Altruis Group LLC, regarding a discovery dispute that has arisen between the parties concerning whether certain party depositions will be conducted remotely or in person.

**<u>Defendants' Position</u>**
In early November 2022, Defendants served Plaintiffs with deposition notices for one corporate representative and two fact witnesses. The dates and times of those depositions were left to be determined, depending on the witnesses' and counsel's availability. When Defendants served the notices, they intended to conduct the depositions remotely, as Altruis's witnesses reside in Florida. Altruis advised that its witnesses were available on January 4-6, 2023.

On December 20, we advised Altruis's counsel that Defendants had determined that they will depose Altruis's witnesses in person and that we would be amending the deposition notices accordingly.[1] Altruis's counsel responded that "the depositions of those depositions were noticed remotely and so the witnesses will be produced remotely as noticed." Altruis refuses to budge off of this position and will not produce its witnesses for in-person depositions.

Altruis has not offered any rationale—principled or otherwise—for its position. No rule prohibits Defendants from amending their deposition notices and scheduling the depositions in person. Moreover, Defendants intend to conduct those depositions in West Palm Beach—where the witnesses reside—so there is no inconvenience to Altruis.

---

[1] Defendants' decision was based on the document-intensive nature of those depositions and the significance of the witnesses, both of which became apparent through the deposition preparation process.

Hon. Mary Kay Vyskocil, U.S.D.J.
December 23, 2022
Page 2

Altruis attempts to link this dispute to other issues regarding the end of fact discovery and the deposition dates of other witnesses.[2]  To be clear, Defendants' narrow request to depose Altruis's witnesses in person has nothing to do with those questions. The sole issue is whether Defendants can amend their deposition notices to depose Altruis's corporate representative and one other fact witness in person.

**Plaintiff's Position**
As an initial matter, it is Plaintiff's position that Defendants have not properly met and conferred regarding these deposition discovery issues as required under Rule 3(D) of Your Honor's Individual Rules of Practice. To that end, Plaintiff's counsel requested a call on these issues on Tuesday, December 20 and Defendants have not made themselves available for a call to speak with Plaintiff's counsel on these issues.

Plaintiffs noticed Defendants' depositions on October 13, 2022 well before the fact discovery deadline. Thereafter, Defendants refused to provide dates for their clients' depositions necessitating a conference with Your Honor in November. On November 15, Your Honor permitted the parties an additional thirty (30) days until January 9 for the completion of fact discovery depositions. The parties then met and conferred on a deposition schedule and the depositions of all party witnesses were scheduled with the last party witness deposition set to take place on January 9. The depositions of Plaintiffs' witnesses, including Plaintiff's corporate designee were scheduled for January 4, 5 and 6 to be taken remotely, as noticed by Defendants' counsel.

On December 19, the parties met and conferred to discuss minor adjustments to the deposition schedule. Counsel discussed the potential for adjourning the deposition of one of Defendants' witnesses, Mr. Chris Dougherty, and a potential joint request for a short extension of the fact discovery period to complete any additional discovery that may become necessary arising out of the already scheduled depositions. An agreement was unable to be reached as Defendants conditioned any extension of the discovery period upon Plaintiffs agreeing that the depositions of Plaintiffs' witnesses proceed in-person notwithstanding the fact that they were noticed to take place remotely. In addition, Defendants created additional contingencies for a proposed agreement when they were unwilling to confirm the availability of Defendants' corporate designee for deposition in person on January 9, 2023 in New York as had been previously agreed. As the additional conditions proposed by Defendants were unacceptable, Plaintiffs advised counsel that they would therefore move forward with the schedule as previously agreed, including the deposition of Mr. Dougherty on December 22nd. Without explanation through the required meet and confer process, on December 21, Defendants unilaterally adjourned the December 22 deposition of Mr. Dougherty (noticed to take place in-person) without confirming a new date for Mr. Dougherty's fact deposition within the discovery period.

In addition, if Defendants' are permitted to proceed with the depositions of Plaintiffs' witnesses in person in Florida as suggested by Defense counsel and in contravention to how they were noticed

---

[2] Defendants take issue with Altruis's characterizations in this letter.  However, Defendants have focused their position in this letter solely on the issue at hand—the location of Altruis's depositions.  As for Altruis's contention that the parties have not met and conferred and that "Plaintiff's counsel requested a call on these issues on Tuesday, December 20," Defendants are perplexed.  Defendants—not Altruis—requested a call, and when Altruis did not respond, Defendants laid out their position in writing.  The parties have since met and conferred via email and through this letter-writing process.

Hon. Mary Kay Vyskocil, U.S.D.J.
December 23, 2022
Page 3

and scheduled, same will necessarily require Plaintiff to incur additional costs as Plaintiff's counsel will be required to travel to defend these depositions.

Given the foregoing, if the Court is inclined to entertain this joint letter without Defendants' having properly met and conferred as per Your Honor's instructions, it is the Plaintiff's position that the depositions of Plaintiff's witnesses should proceed remotely as originally noticed and as scheduled for January 4 and 6. Moreover, Defendants' should be required to confirm the appearance of Mr. Dougherty for an in-person fact witness deposition in New York within the current discovery period as noticed, as well as, Defendants' 30(b)(6) deposition on January 9th in New York as noticed by Plaintiff and agreed by the Defendants.

***

We thank the Court for its consideration.

Respectfully,

Aaron Loterstein

> **The Court is alarmed by the parties' inability to work together to resolve disputes without judicial intervention.  The depositions should proceed on the scheduled dates.  If Defendants are prepared to travel to Florida to conduct depositions where Plaintiffs reside, then the deposition should proceed in person, with appropriate precautions taken.  SO ORDERED.**

Date: 12/29/2022
New York, New York

Mary Kay Vyskocil
United States District Judge