USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTRUIS GROUP, LLC,

     Plaintiff,

   -against-

PROSIGHT SPECIALTY MANAGEMENT
COMPANY, INC., NEW YORK MARINE AND
GENERAL INSURANCE COMPANY, and
GOTHAM INSURANCE COMPANY,

     Defendants.

1:21-cv-10757 (MKV)

**MEMORANDUM OPINION
AND ORDER GRANTING
PARTIAL MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff Altruis Group, LLC ("Altruis") asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, New York General Business Law ("GBL") Section 349, and declaratory relief. Defendants ProSight Specialty Management Company, New York Marine and General Insurance Company, and Gotham Insurance Company (collectively "Defendants") move to dismiss the implied covenant, GBL, and declaratory relief claims under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the partial motion to dismiss is GRANTED.

## BACKGROUND[1]

  Altruis is a Delaware limited liability company providing services in the captive insurance market. Second Amended Compl. ¶ 4 [ECF No. 28] ("SAC"). Defendants are insurance and management companies incorporated in New York. SAC ¶¶ 5–8.

---

[1] The facts are taken from the Second Amended Complaint, and for purposes of this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On January 23, 2020, the parties executed a Niche Management Agreement ("NMA"), stating that Altruis would provide services for Defendants in exchange for a percentage of commissions.  SAC ¶ 20.  The NMA notes that, in the event of termination by either party due to a material breach by the other side, the terminating party shall retain "all rights, title to, and interest in" the intellectual property contemplated by the agreement.  *See* Exhibit A Section 22.B, C [ECF No. 28-1] ("NMA").  Alternatively, if one party terminated in a manner not contemplated by the agreement, the terminating party would be deemed to "transfer to the non-terminating party . . . the terminating party's rights, title to and interest in the" intellectual property.  NMA Section 22.E.

In August 2021, Defendant Prosight exited the captive insurance business.  SAC ¶¶ 31–34.  Several months later, Defendants terminated the NMA based on an alleged material breach by Altruis.  SAC ¶ 40.  Defendants did not identify a specific instance of breach, nor did they provide Altruis with an opportunity to cure.  SAC ¶¶ 41–43.

Altruis commenced this action by filing its Complaint, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, GBL Section 349 violations, and seeking declaratory relief.  *See* Complaint [ECF No. 1].  It subsequently filed an Amended and Second Amended Complaint.  *See* Amended Complaint [ECF No. 16]; SAC.  Defendants move to partially dismiss the Second Amended Complaint under Rule 12(b)(6).  *See* Motion to Dismiss [ECF No. 30]; Memorandum of Law in Support [ECF No. 31] ("Def. Mem.").  Altruis opposed.  *See* Memorandum of Law in Opposition [ECF No. 32] ("Pl. Mem.").  Defendants submitted a reply.  *See* Reply Memorandum of Law [ECF No. 33].

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

## ANALYSIS

The Complaint asserts four claims for relief.  *See* SAC ¶¶ 49–86.  Defendants contend that all but one should be dismissed.  *See* Def. Mem.  The Court agrees.

### I.      Breach of the Implied Covenant of Good Faith and Fair Dealing

Altruis alleges that Defendants violated the implied covenant of good faith and fair dealing by terminating the NMA "without specifically identifying a purported material breach," "concoct[ing] a completely false narrative" to justify its allegation of breach, "deliberately and intentionally [seeking] to delay and/or avoid payment to Altruis," and failing to provide Altruis with an opportunity to cure.  SAC ¶¶ 56–58, 62.  Altruis seeks $2,310,000 in damages—the same amount requested for its breach of contract claim.  SAC ¶¶ 53, 71.

In New York, the implied covenant prevents a party from doing "anything that has the effect of destroying or injuring the right of the other party to receive the fruits of the contract, or to violate the party's presumed intentions or reasonable expectations."  *Spinelli v. Nat'l Football League*, 903 F.3d 185, 205 (2d Cir. 2018) (quoting *M/A-COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990)).  New York "does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."  *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002).

The breach of the implied covenant claim in this case is based upon the same facts as the breach of contract claim asserted by Altruis. Both claims allege that Defendants improperly terminated the NMA and failed to pay Altruis owed commissions. *Compare* SAC ¶¶ 51–52, *with* SAC ¶¶ 56–61. Both claims allege that Defendants failed to provide Plaintiff an opportunity to cure, as required under NMA Section 21.B.3. *Compare* SAC ¶ 52, *with* SAC ¶ 62. Further, Altruis seeks an identical amount in damages on both claims.[2] *Compare* SAC ¶ 53, *with* SAC ¶ 71.

Altruis argues the claims are not duplicative because, unlike the breach of contract claim, the implied covenant claim alleges that Defendants "acted with false pretense[s] and improper motive[s]." Pl Mem. 3. Altruis alleges that Defendants "concocted a completely false narrative" regarding its performance and "deliberately and intentionally sought to delay and/or avoid payment to Altruis."[3] SAC ¶¶ 57–58. But a bad faith breach is still just a breach. *See JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 507 F. Supp. 3d 490, 505 (S.D.N.Y. 2020), *aff'd*, 29 F.4th 118 (2d Cir. 2022) (dismissing an implied covenant claim alleging that "[Defendants] pretextually cancelled the [Agreement]" as "duplicative of [the] breach of contract claim" because it was "not distinct from the argument that [Defendants] had an obligation to perform under the

---

[2] Altruis suggests the implied covenant claim is distinct because it separately seeks punitive and consequential damages. *See* Pl. Mem. 6; *see also* SAC ¶ 74. However, Altruis fails to allege that consequential damages "were contemplated at the time the contract was executed," as required under New York law. *Safka Holdings LLC v. iPlay, Inc.*, 42 F. Supp. 3d 488, 493 (S.D.N.Y. 2013) (citation omitted). Moreover, the Second Amended Complaint does not plausibly allege that Altruis is entitled to the "exemplary remedy" of punitive damages because it does not plead that Defendants' conduct is "actionable as an independent tort" or "part of a pattern directed at the public generally." *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 316, 662 N.E.2d 763, 767, 639 N.Y.S.2d 283, 287 (N.Y. 1995) (citation omitted). Because Plaintiff is not entitled to consequential or punitive damages under New York law, these requested damages cannot save the implied covenant claim.

[3] In its Opposition, Altruis references facts not pled in the Second Amended Complaint. For example, it alleges that Defendants "made no direct effort to make Plaintiff aware of [their] intention to withdraw from the captive insurance business." Pl. Mem. 8. But "allegations raised for the first time in an opposition brief cannot defeat a motion to dismiss, and such allegations do not automatically amend the complaint." *Lee v. Saul*, No. 19CIV6553PGGSN, 2022 WL 873511, at *4 (S.D.N.Y. Mar. 23, 2022); *see also O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). The Court disregards any such allegations. In any event, while these allegations may add color, the claim remains just a breach of contract claim.

[Agreement]"); *Sveaas v. Christie's Inc.*, 452 F. App'x 63, 66 n.1 (2d Cir. 2011) ("The district court properly construed Sveaas's breach of the covenant of good faith and fair dealing claim as a breach of contract claim premised upon Christie's alleged bad-faith performance of the Agreement." (quotation marks omitted)).  The implied covenant claim is dismissed.

## II.    General Business Law Section 349

Altruis also asserts a claim under Section 349 of New York's General Business Law based on "Defendants' bad faith refusal to adhere to [their] obligations under the [NMA]."  SAC ¶ 76. Altruis contends "[t]here is a significant risk that if this behavior is not curtailed, Defendants can and will feel the freedom to engage in the same kind of deceptive and misleading acts with the public at large."  Pl. Mem. 12.

GBL Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business." N.Y. Gen. Bus. Law § 349(a).  However, "private contract disputes between the parties do not fall within the ambit of the statute."  *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (cleaned up).  Indeed, to assert a Section 349 claim, Altruis must allege that Defendants "engaged in *consumer-oriented* conduct" that was "materially misleading."  *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941, 967 N.E.2d 675, 675, 944 N.Y.S.2d 452, 452 (N.Y. 2012) (emphasis added) (citation omitted).  To allege "consumer-oriented conduct," Altruis must "demonstrate that [Defendants'] acts or practices have a broader impact on consumers at large." *Wilson*, 625 F.3d at 64 (citation omitted).

Altruis bases its Section 349 claim solely on "Defendants' bad faith refusal to adhere to [their] obligations under the [NMA]."  SAC ¶ 76.  However, Altruis does not argue—let alone demonstrate—that Defendants have engaged in similar bad faith conduct directed at consumers or have an established practice of doing so.  Because "[t]his action is unique to the parties," *Wilson*,

5

625 F.3d at 65, the GBL Section 349 claim must be dismissed.  *See Cont'l Cas. Co. v. Nationwide Indem. Co.*, 16 A.D.3d 353, 354, 792 N.Y.S.2d 434, 435 (1st Dep't 2005) (affirming dismissal of GBL § 349 claim where the "allegations, liberally construed, at best show[ed] a private contract dispute . . . not conduct affecting the consuming public at large"); *Canario v. Gunn*, 300 A.D.2d 332, 333, 751 N.Y.S.2d 310, 312 (2nd Dep't 2002) (affirming dismissal of GBL § 349 claim where "the only parties truly affected. . . [were] the plaintiffs and the defendants").

### III.    Declaratory Judgment

Finally, Altruis seeks a declaratory judgment "that the Defendants have materially breached the [NMA]" and that Altruis "retains all rights, title to, and interest in" the intellectual property contemplated by the NMA.  SAC ¶ 84.  Altruis contends that such a declaration is necessary because "the resolution of other claims at issue in this action may not resolve the rightful entitlement to" the intellectual property.  SAC ¶ 80.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  In determining whether to exercise discretion to entertain a declaratory judgment, this Court must consider: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty."  *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 311 (S.D.N.Y. 2010) (quoting *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005)).

The declaratory relief requested here will serve no useful purpose because resolution of Altruis' breach of contract claim "will necessarily settle the issues for which the declaratory

judgment is sought." *Amusement*, 693 F. Supp. 2d at 311.  Altruis' request that the Court declare that "Defendants have materially breached the [NMA]" is—quite transparently—a mere rephrasing of the breach of contract claim.  SAC ¶ 84.  The Court will not entertain such a claim because it will serve no "useful purpose." *Amusement*, 693 F. Supp. 2d at 311.

A declaration regarding the "rights, title to, and interest in" the intellectual property contemplated by the NMA will also "be resolved in the course of the litigation of the [breach of contract] cause[] of action." *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006).  Specifically, the breach of contract claim alleges that Defendants "improperly and unlawfully [sought] to terminate the agreement" based "on an alleged material breach of the NMA" by Altruis.  SAC ¶¶ 40, 52.  If Altruis ultimately prevails on this claim, the NMA provides that in the event of "*any . . . termination*" not contemplated by the NMA, "such termination shall . . . *transfer to the non-terminating party* . . . the terminating party's rights, title to and interest in the" intellectual property.  NMA Section 22.E (emphasis added).  However, if the finder of fact determines that Defendants *did* terminate based on a material breach by Altruis, the NMA clarifies that *the terminating party* "shall retain all rights, title to, and interest in" the intellectual property. *See* NMA Section 22.B, C.  In short, resolution of the breach of contract claim will necessarily determine which party has the "rights, title to, and interest in" the intellectual property.

Although Altruis vaguely contends that the breach of contract claim "may not resolve rights to [the] intellectual property," it fails to explain how that could be the case in light of the contractual language which dictates ownership of the intellectual property. *See* Pl. Mem. 13. Altruis neglects to address the NMA's explicit language addressing ownership in the event of "any other termination" not specifically contemplated by the agreement.  NMA Section 22.E.  Because Altruis' "contract claim[] will necessarily settle the issues for which the declaratory judgment is

sought," this claim must be dismissed. *EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 100 (S.D.N.Y. 2018) (citations omitted).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' partial motion to dismiss is GRANTED.  The Clerk of Court is respectfully requested to terminate docket entry 30.

**SO ORDERED.**

**Date:  February 27, 2023**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**