**Fishkin Lucks**

500 7th Avenue, 8th Floor
New York, NY 10018
(646) 755-9200
www.fishkinlucks.com

Aaron Loterstein
aloterstein@fishkinlucks.com

August 1, 2023

**Via ECF**
Honorable Mary Kay Vyskocil, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re:    <u>Altruis Group, LLC v. ProSight Specialty Management Co., Inc. et al.,</u>
              1:21-cv-10757

Dear Judge Vyskocil:

We represent defendants ProSight Specialty Management Company, Inc. n/k/a Coaction Specialty Management Company, Inc., New York Marine and General Insurance Company, and Gotham Insurance Company (collectively, "Defendants"). We write in response to plaintiff Altruis Group LLC's request for its CEO, Joseph J. Beneducci, to be permitted to testify live at trial, rather than by affidavit as required by Your Honor's individual practices.

The Court has allotted three days for trial and repeatedly has stressed that the parties must be mindful of that allotment. Nevertheless, in its proposed witness list, Altruis listed seven witnesses it plans to call live, plus another two whose testimony will be submitted by affidavit (but whom defendants will need to cross examine in person). The sheer number of Altruis's witnesses alone warrants adherence to Your Honor's individual rules of practice and a requirement that Mr. Beneducci testify by affidavit.

Moreover, Altruis does not offer any viable explanation for why Mr. Beneducci must testify live. It contends that he is Altruis's "principal witness" who was "one of the architects of the agreement at issue in this action," and that Altruis would suffer prejudice because Defendants would have "a preview of Plaintiff's affirmative case ahead of trial." But Your Honor's individual rules of practice do not distinguish between "principal witnesses" and "less important witnesses," and the Court's default rule for party witnesses—that direct testimony must be submitted via affidavit—inherently contemplates that the opposing party will have a preview of its adversary's affirmative case. If that constitutes prejudice, it does so for every case and for every witness.

And in any event, Altruis's affirmative case is no mystery. Mr. Beneducci was deposed in this case—along with seven other witnesses—and the parties will be submitting pretrial proposed findings of fact and conclusions of law, pretrial briefs, and their exhibit lists. Mr. Beneducci's trial testimony should contain no surprises.

Hon. Mary Kay Vyskocil, U.S.D.J.
August 1, 2023
Page 2

For these reasons, Defendants respectfully submit that Mr. Beneducci must testify via affidavit.

Respectfully,

Aaron Loterstein

cc: All Counsel (via ECF)