UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ALTRUIS GROUP, LLC,

                        Plaintiff,

-vs-

PROSIGHT SPECIALTY MANAGEMENT
COMPANY, INC., NEW YORK MARINE AND
GENERAL INSURANCE COMPANY and
GOTHAM INSURANCE COMPANY,

                        Defendants.

-------------------------------------------------------------x

**CIVIL ACTION NO.:**

**1:21-cv-10757**

**PLAINTIFF ALTRUIS GROUP, LLC'S RESPONSE TO ORDER TO SHOW CAUSE**

## <u>TABLE OF CONTENTS</u>

I.   **INTRODUCTION** ................................................................................................ 2

II.   **FACTUAL BACKGROUND** ........................................................................... 4

III.  **LEGAL DISCUSSION** .................................................................................... 5

      A.    Sanctions Are Unwarranted here as Plaintiff had no ill purpose, and there was no bad faith by Plaintiff or its counsel aimed at interfering with the Court's ability to properly adjudicate this matter. .............................................................. 5

**TABLE OF AUTHORITIES**

**Cases**

*Agee v. Paramount Comm.*,
   114 F.3d 395, 398 (2d Cir.1997)...................................................................... 6

*Almeciga v. Ctr. For Investigative Reporting, Inc.*,
   185 F.Supp.3d 427 (S.D.N.Y. 2016)............................................................ 5, 7

*Cardona v. Mohabir*,
   No. 14-CV-1596 PKC, 2014 WL 1804793, at *3 (S.D.N.Y. May 6, 2014).................... 10

*Centauri Shipping Ltd. v. Western Bulk Carriers KS*,
   528 F. Supp. 2d 197, 201 (S.D.N.Y. 2007)...................................................... 10

*Chambers v. Nasco*,
   501 U.S. 32 at 44 (1991) ................................................................ 5, 8, 9, 11

*Enmon v. Prospect Capital Corp.*,
   675 F.3d 138, 143 (2d Cir. 2012).................................................................... 6

*In re Pennie & Edmonds LLP*,
   323 F.3d 86, 91 (2d Cir. 2003)..................................................................... 9

*Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*,
   991 F.3d 361, 367 (2d Cir. 2021)............................................................. 8, 10

*Interscope Records v. Barbosa*,
   2007 WL 14332 at 3 (S.D.N.Y. Jan 3. 2007)..................................................... 6

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*,
   924 F.Supp.2d 505, 508 (S.D.N.Y. 2013) ........................................................ 8

*Schlaifer Nance & Co. v. Estate of Warhol*,
   194 F.3d 323, 336 (2d Cir.1999).................................................................... 6

*Secs. & Exch. Comm'n v. Smith*,
   798 F. Supp. 2d 412, 424 (N.D.N.Y. 2011),
   *aff'd in part, dismissed in part,* 710 F.3d 87 (2d Cir. 2013) ........................... 10

*Sierra Club v. United States Army Corps of Eng'rs*,
   776 F.2d 383, 390 (2d Cir.1985)................................................................... 6

*United States v. Int'l Bhd. of Teamsters*,
   948 F.2d 1338, 1345 (2d Cir. 1991)............................................................... 6

*Wilder v. GL Bus Lines*,
   258 F.3d 126, 130 (2nd Cir. 2001).................................................................. 9

**<u>Rules</u>**

F.C.R.P. 15 .......................................................................................................................... 2

Rule 54(d)(1) ....................................................................................................................... 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

ALTRUIS GROUP, LLC,

                         Plaintiff,

-vs-

PROSIGHT SPECIALTY MANAGEMENT
COMPANY, INC., NEW YORK MARINE AND
GENERAL INSURANCE COMPANY and
GOTHAM INSURANCE COMPANY,

                         Defendants.
--------------------------------------------------------------x

**CIVIL ACTION NO.:**

**1:21-cv-10757**

**PLAINTIFF, ALTRUIS GROUP, LLC's RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff, Altruis Group, LLC ("Altruis"), by and through undersigned counsel, responds to the Court's August 8, 2023 Order, which orders Altruis "to show cause by August 9, 2023 why sanctions should not be imposed on Plaintiff and/or its counsel for its "repeated misrepresentations to this Court and, upon discovering that the statements in the SAC were false, Plaintiff's seven-month failure to correct its misrepresentations to the Court."

As an initial matter, Plaintiff and Plaintiff's counsel wish to advise that it could not be more apologetic to the Court to the extent that their actions here could be construed as lacking in integrity, forthrightness and honesty. To the contrary, Altruis Group's principals and Altruis' counsel, to their core, premise all their conduct on being completely forthright and honest. (See, Affidavit of Anthony M. Tessitore attached as Exhibit B at ¶6 "Tessitore Affidavit"); See also, Affidavit of Timothy M. Jabbour at ¶6, hereinafter "Jabbour Affidavit"). It was never Plaintiff or Plaintiff's counsel's intention to mislead or deceive the Court. Indeed, Plaintiff's managing member, Joseph Beneducci, Sr., has spent a lifetime building companies and, in doing so, impressed upon his colleagues and employees the importance of honesty and integrity including during his time as Chief Executive Officer and founder of ProSight and in later founding and

building Altruis Group, LLC.  This remained steadfastly true while Altruis Group partnered with ProSight for their mutual success, a partnership that he continued to build after being diagnosed with a rare and terminal brain cancer, the realities of which he continues to cope with to this day and while his health rapidly regresses.

Bearing these realities, Plaintiff submits that there was never any intention by Altruis Group or its counsel to withhold any information or purposefully misrepresent anything to this Honorable Court. For these reasons and those outlined in detail below, it is Plaintiff's position that sanctions should not be imposed here.

## I.  **INTRODUCTION**

Plaintiff, Altruis Group, LLC respectfully submits this memorandum in response to the Court's Order to Show Cause dated August 9, 2023.

As further outlined and argued below, and as referenced in Plaintiff's Response to this Court's Order to Show Cause dated August 3, 2023 [ECF No. 92], it was never Plaintiff's intention to mislead or misrepresent any fact or issue to this Court. Any failures to amend Plaintiff's operative pleading in this matter were an inadvertent oversight premised, in the first instance, on Plaintiff's belief that jurisdiction in this matter would be controlled by the citizenship of Mr. Joseph Beneducci, Sr, a Florida citizen.[1] Plaintiff's Second Amended Complaint pled that Mr. Beneducci was a Florida citizen. [ECF No. 28]. Furthermore, Plaintiffs became aware that Defendants had concern regarding a lack of visibility into the structure of the Beneducci family trust or the relationship between that trust to the LLC on July 31, 2023, in connection with the parties' preparation of the Proposed Joint Pre-Trial Order.

---

[1] Plaintiff submits that, with the Court's approval, it will immediately file a motion for leave to amend its Complaint in this matter to formally revise its basis for invoking diversity jurisdiction. Plaintiff respectfully submits that, pursuant to F.C.R.P. 15, a party may move at any time even after judgment to amend the pleadings to conform them to the evidence and/or raise an unpled issue.

As Plaintiff indicated in its response to this Court's August 3, 2023 Order to Show Cause [ECF No. 96], it was certainly not Plaintiff's intention, inadvertently or otherwise, not to provide the membership or citizenship of the Beneducci Family Trust. While Your Honor has indicated that additional information regarding the facts pertaining to the citizenship of the Beneducci Legacy Trust should have been included in the parties' Pre-Trial Order, the omission of same was not done in bad faith, with improper purpose or with intent to deceive this Honorable court or opposing counsel. In retrospect, the additional information regarding Mr. Beneducci's role as a Trustee and Plaintiff's position as to the citizenship of the Trust should have been included in the parties' Proposed Joint Pre-Trial Order.

Plaintiff is compelled to note that Defendants first concerns regarding visibility into the citizenship of the Beneducci Legacy Family Trust following Mr. Beneducci's testimony clarifying these issues came seven months after that testimony and a mere two weeks before trial. Such a delay could only be construed as a litigation tactic to gain a last-minute advantage. While in no way excusing Plaintiffs' oversights here, Plaintiff submits that it would have immediately taken action to address the jurisdictional issues had Defendants' concerns been raised earlier in time. At a minimum, same would have called attention to the need to seek leave to amend Plaintiff's pleading to ensure consistency with the testimony of Altruis' witness regarding its citizenship and bring these issues to the Court's attention.

Plaintiff respectfully submits that there was no bad faith or vexatious conduct here and no intention to deceive. Any failures to properly amend its pleading and/or provide a more complete picture of the details pertaining to diversity jurisdiction were innocent in nature and were not motivated by an improper purpose. For these reasons and as outlined in detail below, Plaintiff respectfully submits that the imposition of sanctions which, due to their potency must be exercised with restraint and discretion are unwarranted under these circumstances.

## II.    FACTUAL BACKGROUND

On December 16, 2021, this Court issued an Order to Show Cause why this matter should not be dismissed for lack of subject matter jurisdiction. [ECF No. 11]. Following receipt of that Order, counsel for Plaintiff made a specific inquiry to its clients at Altruis Group, LLC requesting that it identify its members. (Jabbour Affidavit at ¶3). Thereafter, Plaintiff filed its Second Amended Complaint in this matter on March 1, 2022 [ECF No. 28]. In that pleading, Plaintiff alleged that there were four members of Altruis Group, LLC. [ECF No. 28 at ¶10.]. That allegation was based on information provided by Altruis to counsel. See, Jabbour Affidavit at ¶4. Plaintiff also pled that of all those individuals were citizens of Florida which has been accurate at all times. [ECF No. 28 ¶11].

Joseph Beneducci was deposed on January 5, 2023. In referring to the membership interest in Altruis Group, LLC, Mr. Beneducci testified that the Beneducci Family Legacy Trust "owned the entity and that he was the representative running it." See, Jabbour Affidavit at ¶6 and Exhibit A at 27:2-7. In response to Defendants' questioning, Mr. Beneducci also testified at deposition that the trustees of the Beneducci Family Trust were Mr. Beneducci and his attorney, Mr. Raftery. See, Jabbour Affidavit at ¶7 and Exhibit A at 28:2-6.  Notwithstanding the fact that Mr. Beneducci identified the Beneducci Family Trust as the member of Altruis Group, LLC and Mr. Raftery as a co-trustee, for all times relevant, Plaintiff has maintained that diversity jurisdiction exists in this matter based on the citizenship of Mr. Beneducci as pled in the Second Amended Complaint and for the reasons outlined in its response to this Court's recent Order to Show Cause [ECF No. 96].

On August 2, 2023, Plaintiff submitted the Parties' Proposed Joint Pre-Trial Order for the Court's consideration. [ECF No. 88]. In an effort to address the inaccuracies of the allegations

made in the Second Amended Complaint related to the membership of Altruis Group, LLC, Plaintiff represented in the Parties' Proposed Order that the Beneducci Family Legacy Trust was the sole member of Altruis Group, LLC, consistent with the testimony of Mr. Beneducci. As acknowledged above, Plaintiffs' statement did not go the extra step to make a representation regarding the citizenship of the Beneducci Family Legacy Trust. As discussed below, that omission was an inadvertent oversight and in no way intended to mislead the Court. On August 3, 2023, the Court entered an Order to Show Cause ordering Plaintiff to show cause as to why the matter should not be dismissed for lack of diversity jurisdiction. [ECF No. 92]. Plaintiff timely filed its response to that Order to Show Cause on August 7, 2023 which briefs Plaintiff's position why diversity jurisdiction exists in the instant matter. [ECF No. 93.]

Based on the above factual background, it is clear that there was no intent, ill-motive or purposeful scheme to cloud or hide the operative information relative to the existence of diversity jurisdiction from the Court. Plaintiff respectfully submits that sanctions are not warranted given the application of these facts to the relevant law outlined below.

## III.   <u>LEGAL DISCUSSION</u>

### A.   **Sanctions Are Unwarranted here as Plaintiff had no ill purpose, and there was no bad faith by Plaintiff or its counsel aimed at interfering with the Court's ability to properly adjudicate this matter.**

A court has the inherent power to sanction a party but because of their "very potency, the Court's inherent powers must be exercised with restraint and discretion," *Chambers v. Nasco*, 501 U.S. 32 at 44 (1991). Sanctions are generally appropriate only if a court finds by clear and convincing evidence that a party or attorney "knowingly [made] ... materially false or misleading [statements], or knowingly failed to correct false statements, as part of a deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly. *Almeciga v. Ctr. For Investigative Reporting, Inc.*, 185 F.Supp.3d 427 (S.D.N.Y. 2016).

Similarly, while a court "may impose sanctions for misconduct it should exercise this power with restraint and only upon the finding of bad faith" — i.e., motivated by harassment, delay, or other improper purposes. *Interscope Records v. Barbosa,* 2007 WL 14332 at 3 (S.D.N.Y. Jan 3. 2007).  Bad faith requires "clear evidence" that the conduct is entirely without color and taken for improper purposes, *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991), and a finding of bad faith "must be supported by a high degree of specificity in the [court's] factual findings," *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012).

To impose sanctions, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, "motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 336 (2d Cir.1999); *see also Agee v. Paramount Comm.,* 114 F.3d 395, 398 (2d Cir.1997). "[A] claim is entirely without color when it lacks *any* legal or factual basis." *Sierra Club v. United States Army Corps of Eng'rs,* 776 F.2d 383, 390 (2d Cir.1985). Moreover, a finding of bad faith "must be supported by a high degree of specificity in the [court's] factual findings," *Enmon,* supra at 143.  Additionally, "bad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Id.*

The allegations in the Second Amended Complaint regarding the members of Altruis Group, LLC and their citizenship was based on information that was provided to counsel by the client following this Court's initial Order to Show Cause. [ECF No. 11; Jabbour Affidavit at 3-4]. It cannot be said that Plaintiff's position with respect to the existence of diversity jurisdiction is entirely without color where Plaintiff has for all times operated with the understanding that Mr. Beneducci, a Florida citizen, with control over Altruis Group, LLC and with whom all controlling authority rests as the trustee of the Beneducci Family Legacy Trust, provided the basis for diversity jurisdiction in this matter. This was confirmed during Mr. Beneducci's deposition on January 5,

2023 at which all parties were present. Thus, there could not possibly be bad faith motivated by improper purposes.

Moreover, Plaintiff respectfully and ardently submits that there is no evidence of bad faith here and that there was no intention to deceive this Honorable Court. Plaintiff's failure to amend its complaint, due to an inadvertent oversight, cannot be said to have been motivated by an improper purpose particularly where all the parties were aware of the testimony confirming that the Beneducci Family Legacy Trust is the sole member of Altruis Group, LLC and were likewise aware of the identity of the Trustees. Clearly, Plaintiff was not hiding those facts from defense counsel and there was no intention to hide those facts from the Court. While the Plaintiff should have amended its complaint to formally amend its allegations as to the membership and citizenship of Altruis Group, LLC, it cannot be said that the failure to amend the complaint was done with an improper purpose.

Further, the court in *Almeciga* specifically laid out that there must be clear and convincing evidence that a party or attorney "knowingly… failed to correct false statements, as part of a deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly. See, *Almeciga*, supra at 427. In the instant matter, there is no evidence that there was any deliberate or unconscionable scheme on the part of Plaintiff or its counsel to interfere with the Court's handling of the matter. Plaintiff should have amended its pleadings to ensure that the allegations as to jurisdiction were consistent with the testimony of Mr. Beneducci. Plaintiff reiterates that there was no ill motive in failing to amend its pleading or include additional information in the Parties' Proposed Joint Pre-Trial Order. Respectfully, these failures cannot be said to be deliberate and unconscionable in nature, nor were these oversights part of a scheme intended to advance an improper purpose or interfere with the Court's ability to adjudicate the case

fairly. Rather, Plaintiff's omissions were an inadvertent, honest mistake driven by the belief that Mr. Beneducci's Florida citizenship controls for purposes of diversity jurisdiction.

In its Order to Show Cause [ECF No. 99], the Court has cited to *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 367 (2d Cir. 2021). In the *Int'l Techs. Mktg., Inc* case, the court cited to *Chambers*, noting that "when it comes to monetary sanctions…a court should sanction only bad faith, vexatious, or wanton acts or actions otherwise undertaken for oppressive reasons." *Chambers,* supra. at 45-46.  Plaintiff submits that its failures here were not wanton acts or actions undertaken for oppressive reasons but rather were an unintentional lapse in failing to amend its pleading consistent with discovery taken. The relevant information had been disclosed to the parties during discovery and Plaintiff submits that neither Plaintiff nor its counsel were attempting to mislead on the issue of diversity jurisdiction.

This Court has also cited *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, 924 F.Supp.2d 505, 508 (S.D.N.Y. 2013). However, the conduct in *Romeo & Juliette*, is entirely distinguishable from the conduct at issue here. In *Romeo & Juliette*, supra, the attorney made material misrepresentations about why he could not appear for a conference on its original date. He then went further as to continue to press those misrepresentations before ultimately backtracking when the judge pressed for details. Here, Plaintiff has never purposefully misrepresented anything to the Court. Rather, the allegations in the Second Amended Complaint were based on information initially thought to be correct. Thereafter, Plaintiff inadvertently failed to update its pleading consistent with the testimony of one of its witnesses. The testimony of Plaintiff's witness acknowledging the Beneducci Family Legacy Trust as the sole member of Altruis Group, LLC and the testimony confirming the identity of the Trustees is a clear indication that Plaintiff had no intention to purposefully mislead or interfere with the Court's ability to adjudicate the case. Unlike in *Romeo & Juliette*, here, as soon as the Court requested clarification

8

on Altruis' position as to jurisdiction, Plaintiff provided that information. Plaintiff's failure to amend its pleadings under these circumstances does rise to the level of bad faith.

The Court in *Wilder v. GL Bus Lines*, 258 F.3d 126, 130 (2nd Cir. 2001), further reinforces the fact that bad faith is a necessary component in a court imposing sanctions. The Court in *Wilder* found that imposing sanctions without a finding of bad faith is improper. The Court in *Wilder* stated:

> …If we were to interpret Rule 54(d)(1) to permit costs against counsel "as of course," sanctions could be placed on attorneys without any showing of bad faith or wrongdoing on their part. Such an interpretation would, in our opinion, unduly deter attorneys from representing clients who possess non-frivolous claims.
> *Id.* at 130.

Following *Wilder*, sanctions are inappropriate for a mere mistake or oversight where there can be demonstration of bad faith.

Further to the above, a showing of bad faith is a requirement for the imposition of sanctions when initiated by the Court in the face of an attorney failing to act to correct a false submission to the Court. *In re Pennie & Edmonds LLP*, 323 F.3d 86, 91 (2d Cir. 2003) (finding that where the sanctions are "initiated by the District Court . . . long after [the party] had an opportunity to correct or withdraw the challenged submission . . . a `bad faith' standard, applicable for contempt proceedings, is especially appropriate and is what the rule-makers contemplated"). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  In *Pennie*, the 2nd Circuit Court of Appeals exercising the necessary restraint and discretion, vacated an award of sanctions in finding that the applicable subjective bad faith standard had not been met in circumstances where there was a failure to correct a false submission to the Court.  Moreover, in *Pennie*, the information that was inaccurate and arguably needed to be corrected was not in the possession of the party's adversary as it was here. Even in that circumstance, where the only party who had the accurate information was the party

9

who sought to correct the false submission to the Court, the Court of Appeals reversed the imposition of sanctions by the District Court.

Here, in failing to act to amend the Second Amended Complaint and provide more complete information regarding the citizenship of the Beneducci Family Legacy Trust in the Joint Proposed Pre-Trial Order neither Plaintiff nor Plaintiff's counsel were acting with a subjective willful intent to deceive. Respectfully, there is no evidence that either Plaintiff or its counsel were acting with a state of mind aimed at purposefully misleading this Court especially where the operative details regarding the Beneducci Family Legacy Trust and its trustees had been disclosed during discovery.

Courts in the Southern District have described subjective bad faith as "deliberate dishonesty" or a "willful intent to deceive," *Centauri Shipping Ltd. v. Western Bulk Carriers KS,* 528 F. Supp. 2d 197, 201 (S.D.N.Y. 2007), while another has defined it as "deliberate fraud or wrongdoing," *Cardona v. Mohabir,* No. 14-CV-1596 PKC, 2014 WL 1804793, at *3 (S.D.N.Y. May 6, 2014) (quoting *Secs. & Exch. Comm'n v. Smith,* 798 F. Supp. 2d 412, 424 (N.D.N.Y. 2011), *aff'd in part, dismissed in part,* 710 F.3d 87 (2d Cir. 2013). Here, as discussed above, Plaintiff's failure to amend its pleading and/or include additional information in the Parties' Joint Proposed Pre-Trial Order was an oversight not intended to cloud the issue of whether diversity jurisdiction exists here. Furthermore, Plaintiff submits that there is no evidence of subjective bad faith, deliberate fraud or wrongdoing here and reiterates its steadfast integrity and its utmost respect for this Court and the judicial process.

In deciding whether or not to impose sanctions the Court stated that "Our precedent is clear…a court should primarily focus on the *intent* of the potentially sanctionable conduct, not on its *effect*." *Int'l Techs. Mktg., Inc.,* supra at 386.  As noted throughout, neither Plaintiff nor its counsel had any intent to deceive this Court with respect to its position as to the existence of

diversity jurisdiction. The information upon which Plaintiff relies in support of its position as to the existence of diversity jurisdiction was known to Defendants since at least January 5, 2023. Furthermore, consistent with Mr. Beneducci's testimony, Plaintiff included in the Proposed Joint Pre-Trial Order a statement that the Beneducci Family Legacy Trust was the sole member of Altruis Group, LLC. Even though Plaintiff's statement was incomplete in failing to fully detail its position regarding diversity, Mr. Beneducci's citizenship, which is Florida, was previously pled and solely controls here. As previously noted in response to this Court's prior Order to Show Cause dated August 3, 2023 [ECF No. 92], any oversight by the Plaintiff was inadvertent and was not intended to deceive nor was it intended to cloud the Court's consideration of this issue.

Because of their inherent potency, the Court's inherent powers must be exercised with restraint and discretion. *Chambers v. Nasco*, 501 U.S. 32 at 44 (1991). Plaintiff submits that there was no bad faith by Plaintiff or its counsel aimed at interfering with the Court's ability to properly adjudicate this matter.

For all of the foregoing reasons, sanctions are unwarranted under these circumstances.

Dated: August 9, 2023
New York, New York

Respectfully submitted,

TRESSLER LLP

By: */s/ Anthony M. Tessitore*
Anthony M. Tessitore, Esq. (AT3804)
Timothy M. Jabbour, Esq. *(admitted pro hac vice)*
163 Madison Avenue, Suite 404
Morristown, New Jersey 07960
Tel: (973) 848-2901
atessitore@tresslerllp.com
tjabbour@tresslerllp.com
*Attorneys for Plaintiff, Altruis Group, LLC*

(12801-1) 4855-7424-8565, v. 1

11